UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEWYORK

---

Sean Tapp

   Plaintiff

V

C.O. R. Tougas
C.O. Wilson
Ms. B Santini-correan
Sgt Michael
C.O. J. Rando
C.O. Sharrow
Mr. Harvey
Donald Selsky
Ms. Jones

   Defendants

---

9:05cv-1479

Amended Complaint
JURY TRIAL
DEMANDED WITHIN
10 DAYS OF ANSWER
& Permanent Injunctive
RELIEF
Amended complaint
to EFFECT SERVICE
upon C.O. Wilson

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR 11 2006
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

## Preliminary Statement

This is a civil rights action filed by Sean Tapp a state prisoner, for damages under 42 U.S.C. Sect. 1983 to redress the deprivations by defendants acting under color of state law, alleging 8th Amendment cruel & un-usual punishment, excessive use of force, 14th Amendment DUE process of Law as well as Equal protection of the Law.

## Exhaustion of Administrative Remedies

Original Grievance filed 7-5-05 at Great Meadow Corr. Fac.
  Appealed on 8-4-05 at Southport Corr. Fac. By LT. Hazelton
  Seen by I.G. on 10-17-05 Known as Mr. Warner

Also let the record reflect that my grievances were thrown away, not filed fully & tampered with more than 3 times at both corr. Fac.

## JURISDICTION

1. The court has Jurisdiction over plaintiffs claim of violation of federal constitutional rights under 28 U.S.C. sect. 1331(a) & 1343(3) & (4) & 2201. This action is brought pursuant to 42 U.S.C. sect 1983.

2. The court has supplemental Jurisdiction over plaintiff's state law tort claims 28 U.S.C. sect 1367.

## PARTIES

3. The Plaintiff Sean Tapp is & has been at all times mentioned herein an inmate in custody of the NYS (DOCS). On 6-24-05 plaintiff was confined at Great Meadow Corr. Fac. A maximum corr. Fac. in Washington County Comstock, New York. Plaintiff is currently confined at Southport Corr. Fac. P.O. Box 2000 Pine City, N.Y. 14871

4. Defendant R. Tougas outright attacked inmate Tapp & started banging inmates head against cell bars while he pulled on inmate & repeatedly punched inmate in the face, body & head for no apparent reason & then filed a false misbehavior report claiming Mr. Tapp assaulted him.

5. Defendant C.O. Wilson responded to the red dot pulled pen & began beating inmate Tapp while he was on the floor in leg irons & handcuffs behind his back while C.O. Wilson kicked inmate directly in his testicles, ribs, back, buttocks, & chest, stopping to only stand on inmates head to bounce up & down on it.

6. Defendant Ms. B. Santini-Correan medical examiner refused to note actual injuries of Plaintiff such as swollen testicles, blood in urine & stool, lower back pain, bruises to wrist & face while she prevented co-workers from seeing me at sickcall for my injury's.

7. Defendant Sgt. Michael Just watched his officers Beat, Kick, slap, Punch, & drag me, also spit on me too. until he said enough, cut on the camera.

8. Defendant J. rando applied handcuffs & twisted the handcuff chain causing both wrists to get cut up as he forced my hands damn near up to the back of my neck as my shoulder popped as well as my left thumb & causing numbness in right shoulder, left thumb & both wrist also causing a rash on both of Plaintiff's wrists.

9. Defendant sharrow kept stepping on the leg iron chain & pushing me on the floor while the leg irons bit into my achilles tendon, he also twisted the leg iron chain while I was on the floor & brought my feet up to my head while c.o. rando still held the handcuff chain.

10. Defendant Hearing officer Mr. Harvey failed to start my tier III hearing within 7 days per directive chapter 5, Mr. Harvey failed to get a valid extension to continue hearing on 7-9-05, 7-10-05, 7-11-05, 7-12-05, Mr. Harvey failed to finish the hearing within 14 days per directive 4932 chapter V, Also Mr. Harvey proved that he was partial & a bias hearing officer by going against documentary evidence, leading the officer, & not following DOCS rules & regulations on conducting hearings. Also for denying witnesses & speaking to them off the record outside my presence without a written explanation when they stated they would testify. Also the written misbehavior report wasn't in compliance with DOCS Directives.

11 Defendant Donald selsky upheld the falsified tier III misbehavior report which took my good time credit & prevents me from my conditional release date which is a Protected liberty interest created by NYS Law. My release date was 12-12-05 & is now 9-4-06 & was took without due process of the law under the 14th U.S.C. Amend.

12 Defendant Guidance counselor Ms. Jones acted as my assistant & conspired with the c.o's superiors & supervisors to deprive me of everything that I was entitled too by due Process of Law.

### 1st cause of Action

ALL Defendants mentioned in this civil complaint herein are to be sued in his or her Professional & Personal capacity.

### 2nd cause of Action

Upon information & belief, all defendants at all relevant times were duly appointed officers of NYS DOCS acting under color of the constitution & the statutes, laws, charters, ordinances, rules, regulations, customs & usage of the state of New York.

### 3rd cause of Action

ALL defendants were acting under color of state law in depriving plaintiff of his right to be free from cruel & un-usual punishment confinement in segregation, his right to property in violation of Due process clause & equal protection of the law in violation of the eigth & fourteenth Amendments of the united states constitution.

### 4TH cause of Action

The action of ALL DEFENDANTS described herein were extreme & outrageous by reason of the foregoing plaintiff is entitled to damages in an amount to be determined at trial.

### 5TH cause of ACTION

By their actions set forth above, defendants failed to intervene to prevent or terminate the use of excessive use of force against plaintiff right to be free from cruel & unusual punishment as guaranteed by the 8th & 14th Amendments to the U.S.C.

### 6TH cause of ACTION

The actions of defendants were bad in depriviating plaintiff of his constitutional rights to a full & fair superintendents hearing afforded by NYS statutes & regulations, in violation of the 8th & 14TH Amendments of the U.S.C.

### 7TH cause of ACTION

Defendants violated plaintiffs protected procedural due process, which created a liberty interest to be free of confinement without due process of Law & A loss of good time which is protected by the 14TH Amend of the U.S.C.

### 8TH CAUSE OF ACTION

The arbitrary & un-fair acts of defendants while acting individually or in conjunction with each other constituted & un-authorized deprivation of plaintiffs constitutional rights. 6th & 14TH

The grounds for injunctive relief sought permanently is to have the good time that was illegally, maliciously, erroneously, improperly, arbitrarily, capriciously, biasly, & intentionally taken from plaintiff on fraudulent & false grounds based upon falsified evidence.

2.) This protected liberty interest arises from C.O. R. Tougas attacking plaintiff & assaulting him after plaintiff asked to have his cell opened so he could lock in.

3.) Plaintiff was sentenced to 18 months segregation with 18 months loss of good time. Plaintiffs 18 months run past his maximum expiration date.

4.) Plaintiff would be allowed to go home on his conditional release date of 12-12-05 which is his NYS protected liberty interest at stake for being attacked & lied upon.

Wherefore, plaintiff request that this court grant the following relief: (1) Permanent Injunctive Relief, (2) Jury trial demanded within 10 DAYS of defendants answer, (3) Appointment of counsel, (4) A declaratory Judgment that defendants acts & practices described herein violated plaintiffs rights under the U.S.C. Amend. (5) Federal & state criminal charges pressed against C.O. R. Tougas, C.O. Wilson, Sgt. Michael, C.O. J. Rando, C.O. Sharrow for assault, conspiracy, Hate crime, civil rights crimes, fraud & false statements & gang assault, (6) ALL Defendants suspended without pay until case is resolved, (7) employment terminated forever upon findings of guilt, (8) compensatory damages $7,500,000 (9) punitive damages $7,500,000 (10) Attorney fees, (11) Plaintiff's cost of this suit, (12) $200.00 for laymen fees a hour for my time & re-search fighting this case, (13) prevailing party fees, (14) out of pocket expenses.

I declare under penalty of perjury that the foregoing is true & correct.

11-8-05

Amended on 4-7-06

Sean Japp