UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SEAN TAPP,

                        Plaintiff,        9:05-CV-1479
                                                (NAM)(DEP)

    v.

R. TOUGAS, C.O.; WILSON, C.O.; B. SANTINI-CORREAN,
Medical Examiner; J. RANDO, C.O.; MICHAEL, Sgt.;
SHARROW, C.O.; MR. HARVEY, Hearing Officer; DONALD
SELSKY; MS. JONES,

                        Defendants.

APPEARANCES:                           OF COUNSEL:

SEAN TAPP
Plaintiff, pro se

OFFICE OF THE ATTORNEY GENERAL      MEGAN M. BROWN, ESQ.
State of New York                         Assistant Attorney General
Counsel for Defendants

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

      Presently before the Court is a motion to compel discovery filed by pro se plaintiff Sean Tapp. Dkt. No. 36. Plaintiff states that he directed a request for production of documents to the defendants' counsel on March 23, 2007. Dkt. No. 36 at 1. Plaintiff further states that no response had been provided as of the date of his motion.

      Defendants submitted papers in opposition to plaintiff's motion to compel and also filed a cross-motion seeking an order compelling the release of plaintiff's medical records. Dkt. No. 38.

      Plaintiff has not responded to defendants' cross-motion.

      Defendants' counsel states that a response to plaintiff's document request was

served on plaintiff on May 29, 2007.  Dkt. No. 38-2.  Counsel further states that copies of the documents produced in response to that request were also sent to plaintiff on that date.  *Id.*[1]

Plaintiff has not indicated to the Court that he believes that the defendants have failed to fully respond to his document request or that the objections stated thereto are not legally sufficient.  However, in light of plaintiff's *pro se* status, the Court has reviewed the response and has determined that defendants substantially complied with plaintiff's discovery request or stated valid objections thereto.  Plaintiff's motion to compel is therefore denied as moot.

Turning to defendants' cross-motion for disclosure of plaintiff's medical records, counsel states that on March 28, 2006, she sent plaintiff a letter requesting that he execute an authorization for the release of his medical records.  Dkt. No. 38-2 at ¶ 4.  A second request was made on May 17, 2007.  *Id.* at ¶ 5.  Plaintiff did not respond to either request. *Id.* at 2.

Defendants contend that they are entitled to obtain plaintiff's medical records "relating to injuries allegedly suffered on or about June 24, 2005," because the claims in this action arise out of an alleged assault on that date and the medical care provided to plaintiff for his injuries.  Dkt. No. 38-2 at ¶ 2.  Defendants state that they seek an order of this Court "allowing the release of plaintiff's medical records from June 2005 until his

---

[1] The response to plaintiff's document request is attached to defendants' opposition papers.  Dkt. Nos. 38-3 through 38-16.

2

release from [state prison] in September 2006." *Id*.[2]

Plaintiff's medical condition following the alleged assault and his treatment records for the injuries he sustained are clearly in issue in this action and defendants are entitled to obtain the relevant records. However, the power to release those records lies not with this Court but with plaintiff.

Based upon the foregoing, defendants' cross-motion to compel is granted in part and denied in part. Defendants may send plaintiff an authorization form for the release of plaintiff's medical records, which plaintiff shall sign and return to defendants' counsel within twenty (20) days of his receipt thereof. Plaintiff is advised that his failure to authorize the release of his medical records may result in the imposition of sanctions, including dismissal of this action.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion to compel (Dkt. No. 36) is denied as moot, and it is further

ORDERED, that defendants' cross-motion for an order directing release of plaintiff's medical records (Dkt. No. 38) is granted in part and denied in part as set forth above, and it is further

ORDERED, that the discovery deadline in this action is extended to August 15,

---

[2] The Court notes that the authorization forms previously sent to plaintiff are not limited to the relevant period of time. Defendants' counsel is directed to provide plaintiff with an new authorization form which is limited to the period July 2005 to September 2006.

3

2007 for the limited purpose of allowing defendants to obtain plaintiff's medical records and to take his deposition, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties.

Dated: July 2, 2007
       Syracuse, New York

David E. Peebles
U.S. Magistrate Judge