UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Sean Tapp,**

                      **Plaintiff,**

                      **-v-**                            **9:05-CV-1479**

**R. Tougas, C.O.; C.O. Wilson; M.E. B. Santini-Correan;
C.O. J. Rando; Sgt. Michael; C.O. Sharrow; Mr. Harvey,
Hearing Officer; Donald Selsky; and Ms. Jones,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Sean Tapp
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Steven H. Schwartz, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff, formerly an inmate in the custody of New York State Department of Corrections, brings this civil rights action pursuant to 42 U.S.C. § 1983, claiming in his amended complaint (Dkt. No. 19) that he was assaulted by corrections officers, denied adequate medical care for injuries sustained during the course of the altercation, and subjected to a lengthy period of disciplinary special housing unit ("SHU") confinement as a result of the incident without having been afforded procedural due process.

Defendants move (Dkt. No. 50) for summary judgment. Plaintiff cross-moves (Dkt. No. 56) for summary judgment. The motions were referred to United States Magistrate Judge David

E. Peebles pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  Magistrate Judge Peebles has issued a thorough Report and Recommendation recommending that this Court grant defendants' motion, deny plaintiff's motion, and dismiss the action.

Plaintiff interposes specific objections to numerous aspects of Magistrate Judge Peebles' Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Where only general objections are filed, the Court reviews for clear error.  *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999).  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

The Court adopts all factual and legal recitations in the Report and Recommendation.  The Court has conducted *de novo* review of all issues to which plaintiff interposes objections, and adopts Magistrate Judge Peebles' analysis and recommendation with respect to all issues except the recommendation that summary judgment be granted dismissing the excessive force claim against defendants Tougas, Wilson, Rando, Michael, and Sharrow.

The Court adopts Magistrate Judge Peebles' recitation of the law and facts with respect to the excessive force claim.  The Court agrees with his observation that the question of whether to grant summary judgment to defendants on this issue is a close one; however, in the Court's view, plaintiff's testimony at his deposition and the disciplinary hearing, and the supporting testimony of his inmate witnesses at the disciplinary hearing, are sufficient to raise questions of fact on this claim.[1]

---

[1] Given his recommendation of dismissal, Magistrate Judge Peebles did not address whether

The Court also rules that the application of the doctrine of qualified immunity does not warrant dismissal of the excessive force claims against defendants Tougas, Wilson, Rando, Michael, and Sharrow. Accepting plaintiff's allegations as true for purposes of this motion, these defendants could not reasonably have believed their actions were consistent with plaintiff's Eighth Amendment rights. *See Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987).

It is therefore

ORDERED that defendants' motion (Dkt. No. 50) for summary judgment is denied with respect to plaintiff's excessive force claim against defendants Tougas, Wilson, Rando, Michael, and Sharrow, and otherwise granted; and it is further

ORDERED that plaintiff's cross motion (Dkt. No. 56) for summary judgment is denied in its entirety; and it is further

ORDERED that the case will proceed to trial solely on the issue of excessive force; and it

---

plaintiff's excessive force claim might be barred under the rule in *Edwards v. Balisok* that a prisoner's section 1983 claim is not cognizable where, if successful, it would necessarily implicate the invalidity of a disciplinary determination affecting the length of his confinement. 520 U.S. 641, 645-48 (1997). It is not clear on this record that the *Edwards* rule would preclude plaintiff in the instant case from proceeding on his section 1983 excessive force claim, because it is not clear that a jury determination that defendants used excessive force in subduing plaintiff would necessarily implicate the invalidity of the disciplinary determination that he was guilty of violent conduct, creating a disturbance, an assault on staff, refusing a direct order, and refusing a search and frisk. *See, e.g., Sales v. Barizone*, 2004 WL 2781752, *13-14 (S.D.N.Y. Dec. 2, 2004). Further, plaintiff's excessive force claim is based in part on events occurring after the events that were the subject of the disciplinary charge. Specifically, plaintiff and other inmates allege that the corrections officers continued to beat plaintiff after they had subdued him, even after they had placed him in handcuffs and leg irons. A finding in plaintiff's favor on these allegations would not affect the validity of the disciplinary determination. Moreover, the record does not clearly establish plaintiff's present custodial status on his New York sentence; if he has served his full sentence, *habeas corpus* is no longer an available remedy, and the *Edwards* rule would not bar the section 1983 claim. *See Huang v. Johnson*, 251 F.3d 65, 74-75 (2d Cir. 2001). Accordingly, the *Edwards* rule does not warrant summary judgment in defendants' favor.

is further

ORDERED that the Report and Recommendation is rejected insofar as it recommends summary judgment dismissing plaintiff's claim of excessive force, and is otherwise accepted and adopted in all respects.

IT IS SO ORDERED.

September 18, 2008
Syracuse, New York

*[signature]*
Norman A. Mordue
Chief United States District Court Judge