**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**SEAN TAPP,**

                 **Plaintiff,**

v.                                               9:05-CV-1479 (NAM/DEP)

**RICHARD TOUGAS, JON MICHAEL,**
**CHARLES SHARROW, and JAMES RANDO,**

                 **Defendants.**

---

**Appearances:**

Shawn F. Brousseau, Esq.
Kostas Leris, Esq.
Napierski, Vandenburgh Law Firm
296 Washington Avenue Extension
Albany, NY 12203
*Appointed Attorneys for Plaintiff*

Gregory J. Rodriguez, AAG
Katie E. Valder, AAG
New York State Attorney General's Office
The Capitol
Albany, NY 12224
*Attorneys for Defendants*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

      There are two motions in limine before the Court. (Dkt. Nos. 124, 126). Defendants seek the following relief: 1) that Defendants be allowed to inquire on cross-examination as to the essential facts of the Plaintiff's criminal convictions; 2) that Defendants be allowed to inquire on cross-examination as to the essential facts of the criminal convictions of non-party witnesses Edward Mackenzie, Terrence Jackson, and Ronald Cohen; and 3) that Defendants be allowed to inquire into the disciplinary histories of Plaintiff and the non-party witnesses concerning

infractions that are probative of the character for truthfulness or untruthfulness. (Dkt. No. 124). Plaintiff, on the other hand, seeks: 1) to preclude Defendants from introducing evidence as to his criminal convictions; and 2) to preclude Defendants from inquiring into the disciplinary histories of the Plaintiff and the non-party witnesses. (Dkt. No. 126). Plaintiff has also filed an updated witness list, which does not include Jackson. (Dkt. No. 132). Therefore, this decision pertains only to Plaintiff and non-party witnesses Mackenzie and Cohen.

### I.  Prior Convictions

Defendants argue that "counsel should be permitted to inquire into the 'essential facts' of plaintiff and nonparty witnesses' felony convictions, including the statutory names of the offenses, the dates of convictions, and the overall sentences imposed." (Dkt. No. 124, p. 2). Plaintiff counters that "introduction of plaintiff's convictions would do nothing more than persuade the jury to find for the defendants merely because of the perceived gravamen of his unrelated convictions." (Dkt. No. 126, p. 3).

**A. Applicable Law**

Rule 609 of the Federal Rules of Evidence allows a party to attack a witness's character for truthfulness by evidence of a criminal conviction. For any crime that was punishable by imprisonment for more than one year, the evidence must be admitted in a civil case, subject only to Rule 403. Fed R. Evid. 609(a)(1)(A). For any crime, regardless of punishment, the evidence must be admitted "if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed R. Evid. 609(a)(2). Further, if more than 10 years have passed since the witness's conviction or release from confinement for it, the evidence is only admissible if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the proponent

gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use. Fed. R. Evid. 609(b).

In general, "prior convictions should not be admitted unless the court has carefully conducted the Rule 403 balancing test." *U.S. v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009). "In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997). Rule 609 presumes that "all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *U.S. v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). Thus, "Rule 609(a)(1) crimes, which do not bear directly on honesty such as to be automatically admissible under Rule 609(a)(2), may nonetheless be highly probative of credibility." *Id.* For example, courts have held that theft and escape crimes rank higher than crimes of violence on the scale of probative worth as to credibility. *Id.* Thus, "inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403." *Id.* "Unless the risk of unfair prejudice, confusion, or delay substantially outweighs the probative value of a felony conviction, it is the jury's function to assess the probative value of a witness's specific conviction or convictions as part of its overall evaluation of the witness's credibility." *Id.*

**B. Analysis**

    **1. Plaintiff's Convictions**

In 2002, Plaintiff was convicted of Attempted Robbery in the Second Degree and sentenced to a maximum of five years; he was paroled in 2006. (Dkt. No. 124, p. 4). Since more

3

than 10 years have passed since Plaintiff's release from confinement for the 2002 conviction, evidence of that conviction may only be admitted if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1).

First, the 2002 conviction relates to a crime of violence and thus has relatively low value as to Plaintiff's character for truthfulness. *See Estrada*, 430 F.3d at 618. Second, the impeachment value is reduced by the passage of almost 16 years. Third, there is significant danger of unfair prejudice since the crime involves violence, and Defendants assert that Plaintiff struck one of them during the alleged excessive force incident at issue in this case. These factors weigh against admission. Fourth, and weighing in favor of admission, Plaintiff's credibility is critical because his version of events directly conflicts with Defendants' version. On balance, the Court finds that evidence of the 2002 conviction is admissible. However, impeachment is limited to the fact that Plaintiff was convicted of a felony, the date, and the sentence imposed. Counsel may not inquire as to the statutory name and nature of the crime. The danger of unfair prejudice will thus be mitigated, since there is no dispute that Plaintiff was in prison in 2005 when the alleged incident took place. *See Thousand v. Corrigan*, No. 15 Civ. 1025, 2017 WL 4480185, at *5, 2017 U.S. Dist. LEXIS 166198, at *14 (N.D.N.Y. Oct. 6, 2017) (finding that "the probative value of the fact of Plaintiff's felony conviction, as well as the date and the sentence imposed, outweighs the prejudicial effect of the evidence," but "the probative value of the name and nature of the [manslaughter] conviction is substantially outweighed by the danger of unfair prejudice"); *U.S. v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); *see also Twitty v. Ashcroft*,

4

No. 04 Civ. 410, 2010 WL 1677757, at *3, 2010 U.S. Dist. LEXIS 40499, at *9–11 (D. Conn. Apr. 23, 2010) (collecting cases).

In 2006, Plaintiff was convicted of Possession with Intent to Deliver a Controlled Substance; he was sentenced to a minimum of 10 years and then released from custody in 2016. (Dkt. No. 124, p. 4). Since more than 10 years have not passed since his release, the conviction must be admitted under Rule 609(a), subject to Rule 403. This conviction has relatively low probative value for truthfulness, which is lessened by the passage of almost 12 years. Moreover, the 2006 conviction is cumulative, given the admission of the 2002 conviction. On balance, the Court finds that the low probative value of the 2006 conviction is outweighed by the danger of unfair prejudice since the focus on Plaintiff's multiple felonies would detract from the real issue in this case—whether he was the victim of excessive force. *See Robinson v. Troyan*, No. 07 Civ. 4846, 2011 WL 5416324, at *3, 2011 U.S. Dist. LEXIS 128945, at *9 (E.D.N.Y. Nov. 8, 2011) ("The extent of permissible force used by defendant on February 7, 2007 should not be affected by the extent of the plaintiff's prior criminal record."). Accordingly, evidence of the 2006 conviction is not admissible.

### 2. Witnesses' Convictions

Plaintiff intends to call two witnesses to the incident, each of whom is a convicted felon. Edward Mackenzie was convicted in 1994 and sentenced to 28 years to life for Kidnapping Second Degree, Robbery Third Degree, Unauthorized Use of a Motor Vehicle First Degree, and Criminal Possession of a Controlled Substance Degree Fourth Degree; he remains in custody. (Dkt. No. 124, p. 4). Ronald Cohen was convicted in 2000 and sentenced to a maximum of 10 years for Burglary Second Degree; he was released in 2009. (*Id.*, p. 5). Then in 2011, he was convicted and sentenced to 1.5 to 7 years for Forgery Second Degree and Attempted Promotion

5

of Prison Contraband First Degree; he was released in 2016, violated, and paroled again in 2018. (*Id.*).

The credibility of these witnesses is important because the jury must compare their version of events against that of Defendants. The witnesses' characters for truthfulness are therefore relevant, and the existence of prior felony convictions are probative on this issue. As to Mackenzie, evidence of the 1994 convictions must be admitted, subject to Rule 403, since he has not been released from confinement. The probative value of these convictions for truthfulness is nonetheless reduced considerably by the passage of almost 24 years. Kidnapping and Robbery are crimes of violence, which bear only "marginally on [propensity for] honesty or veracity." *Estrada*, 430 F.3d at 618. Admitting evidence of all four convictions by name would also yield diminishing returns for impeachment while increasing the risk of unfair prejudice. Therefore, impeachment is limited to the fact of conviction, the date, and the sentence.

As to Cohen, the Court finds that his 2000 conviction is admissible for impeachment, but without reference to the nature of the crime. This evidence must be admitted because the probative value is not substantially outweighed by the danger of unfair prejudice. But referring to Burglary Second Degree would tip the scales in the other direction, for the same reasons discussed above. The Court finds that the 2009 conviction for Forgery Second Degree is admissible under Rule 609(a)(2), including all essential facts of the crime, since establishing the crime required proving a dishonest act or false statement. *See* N.Y. Penal Law § 170.10. Finally, the 2009 conviction is admissible, without reference to the nature of the crime, for the reasons discussed above.

## II. Prison Disciplinary Records

Defendants assert that "Plaintiff and the non-party witnesses have disciplinary histories during the time of their incarceration with DOCCS," and that "to the extent that the disciplinary

6

histories reflect that the witnesses were found guilty of violating prison rules which are probative of the character for truthfulness or untruthfulness (i.e., providing false information, counterfeiting, extortion/bribery), the defense should be permitted to inquire into those prior instances of conduct."  (Dkt. No. 124, pp. 6–7).  Plaintiff responds that Defendants should be precluded from cross-examining the Plaintiff and non-party witnesses on their disciplinary histories because Defendants have never disclosed them.  (Dkt. No. 126, p. 4).

### A.  Applicable Law

Rule 608(b) states that the court may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, "if they are probative of the character for truthfulness or untruthfulness of . . . the witness, or another witness whose character the witness being cross-examined has testified about."  Fed. R. Evid. 608(b).  However, the Rule prohibits the use of extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  *Id.*

### B.  Analysis

Defendants have submitted records which show that Plaintiff and the non-party witnesses have been disciplined for prison infractions including "false info.", "impersonation", and "counterfeiting."  (Dkt. No. 131-1).  Under Rule 608(b), Defendants may inquire into these matters on cross-examination since they are specific instances of conduct that are probative of the character for truthfulness of the Plaintiff and the non-party witnesses.  Fed. R. Evid. 608(b).  There is no indication that the rest of the infractions, including "bribery/extort", have any bearing on character for truthfulness.  Finally, the actual disciplinary histories are not admissible to attack character for truthfulness because they are *extrinsic evidence* prohibited by Rule 608(b).  *See Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993) ("Rule 608(b) of the Federal Rules of Evidence prohibits the introduction of extrinsic evidence of specific instances of conduct for the

7

purpose of attacking one's credibility. Fed. R. Evid. 608(b). This rule does not prohibit inquiry into Plaintiff's conduct for impeachment, but does prohibit the introduction into evidence of his disciplinary records."); *see also* R. Park, T. Lininger, THE NEW WIGMORE: IMPEACHMENT AND REHABILITATION, § 3.3, (1st ed. 2018).

**III. Conclusion**

For the reasons stated above, it is

**ORDERED** that Defendants' motion in limine (Dkt. No. 124) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's motion in limine (Dkt. No. 126) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's 2002 conviction is admissible for impeachment, limited to the fact of conviction, the date, and the sentence; and it is further

**ORDERED** that Plaintiff's 2006 conviction is not admissible for impeachment; and it is further

**ORDERED** that Edward Mackenzie's 1994 convictions are admissible for impeachment, limited to the fact of conviction, the date, and the sentence; and it is further

**ORDERED** that Ronald Cohen's 2000 conviction is admissible for impeachment, limited to the fact of conviction, the date, and the sentence; and it is further

**ORDERED t**hat Ronald Cohen's 2009 conviction for Forgery Second Degree is admissible for impeachment, including all essential facts; and it is further

**ORDERED** that Ronald Cohen's 2009 conviction for Attempted Promotion of Prison Contraband First Degree is admissible for impeachment, limited to the fact of conviction, the date, and the sentence; and it is further

8

**ORDERED** that Defendants may inquire on cross-examination as to specific instances of conduct from the disciplinary histories of Plaintiff and the non-party witnesses, to the extent they are probative of character for truthfulness; and it is further

**ORDERED** that extrinsic evidence of the disciplinary histories is not admissible for impeachment as to character for truthfulness.

**IT IS SO ORDERED.**

Dated: April 20, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge